# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# ST. LOUIS DIVISION

| | |
|---|---|
| LAUREN CUPP, Individually and for Others Similarly Situated,<br><br>v.<br><br>CENTENE CORPORATION DBA CENTURION HEALTH | Case No. 4:23-cv-71<br><br>Jury Trial Demanded<br><br>FLSA Collective Action |

## ORIGINAL COMPLAINT

### SUMMARY

1. Centene Corporation dba Centurion Health (Centene) failed to pay Lauren Cupp (Cupp), and other workers like her, as required by the Fair Labor Standards Act (FLSA).

2. For example, Centene does not provide bona fide meal periods for its hourly employees who are responsible for direct patient care.

3. Instead, Centene requires these employees to remain responsible for patient care throughout their shift—including during their lunch breaks.

4. This responsibility for patient care prevents the employees from being able to use the so-called meal periods effectively for their own purposes.

5. Cupp (and the other employees like her) remained on duty and subject to frequent interruptions during meal breaks.

6. Centene knew, or should have known, its non-exempt employees spent their so-called "meal break" predominantly for Centene's benefit, performing patient care services.

7. Nonetheless, Centene automatically deducts 30 minutes of pay, each day, for the so-called meal "breaks."

8. Cupp brings this individual and collective action to recover all unpaid overtime and other damages owed under the FLSA.

## JURISDICTION AND VENUE

9. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

10. The Court has federal jurisdiction pursuant to 28 U.S.C. § 1332(c) because Centene has its principal place of business in this District.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to this action occurred in this District.

12. Centene is headquartered in St. Louis County, Missouri.

## THE PARTIES

13. Cupp was a registered nurse at Centene.

14. Cupp worked for Centene from approximately July 2021 through August 2022.

15. From approximately July 2021 to April 2022, Centene paid Cupp by the hour.

16. Cupp's consent to be a party plaintiff is attached as **Exhibit A**.

17. Cupp brings this action on behalf of herself all other similarly situated Putative Members under the collective action provisions of the FLSA. *See* 29 U.S.C. §216(b).

18. The class of similarly situated hourly Centene employees:

> **All Centene employees in the United States who were subjected to Centene's auto-meal break deduction policy (the "Putative Class Members").**

19. The Putative Class Members can be readily identified from Centene's personnel and payroll records.

20. Centene is a healthcare services company headquartered in St. Louis, Missouri at Centene Plaza, 7700 Forsyth Boulevard, St. Louis, Missouri 63105.

21. Centene may be served by serving its registered agent: C T Corporation System, 120 South Central Avenue, Clayton, Missouri 63105.

## COVERAGE UNDER THE FLSA

22. At all relevant times, Centene was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

23. At all relevant times, Centene was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

24. At all relevant times, Centene was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as medical supplies, cell phones, and personal protective equipment - that have been moved in or produced for commerce.

25. At all relevant times, Centene had an annual gross volume of sales made in excess of $1,000,000.

26. At all relevant times, Cupp and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## FACTS

27. Centene is a healthcare services company that contracts with governmental entities to provide healthcare services.

28. Cupp worked for Centene from approximately July 2021 through August 2022 as both an hourly registered nurse (RN) and a salaried Assistant of Health Services.

29. Cupp worked at Wabash Valley Correctional Facility near Carlisle, Indiana.

30. Cupp and the Putative Class Members performed work in accordance with the schedule set by Centene and the needs of Centene's patients.

31. Cupp's work schedule as an hourly RN was typical of the Putative Class Members.

32. Centene required Cupp and the Putative Class Members to stay on duty at all times, including during meal breaks.

33. Remaining on duty was important to the healthcare needs of Centene's patients.

34. The time spent working during meal periods prevented Cupp and the Putative Class Members from taking an bona fide meal break.

35. Even though Cupp and the Putative Class Members worked during all or part of their meal breaks, the entire meal break—whether they took it or not, was automatically deducted from the time and pay of Cupp and the Putative Class Members each day.

36. Centene's unlawful time and payroll practices deprived Cupp and the Putative Class Members of substantial amounts of compensation each week.

37. Because Cupp and the Putative Class Members regularly worked more than forty hours a week, the unpaid minutes, and hours of worked deprived Cupp and the Putative Class Members of their valuable overtime pay.

38. As an employer and government contractor duty bound to follow the law, Centene knew or should have known that the time and payroll practices imposed on Cupp and the Putative Class Members violated the FLSA.

### FLSA VIOLATIONS & COLLECTIVE ALLEGATIONS

39. Cupp incorporates all allegations contained in the foregoing paragraphs.

40. Cupp and the Putative Class Members are similarly situated. *See* 29 U.S.C. § 216(b).

41. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week.

42. The FLSA prohibits workers from being forced to work off the clock.

43. Throughout the relevant period, Centene required Cupp and the Putative Class Members to work through all or part of their meal breaks.

44. These workers were subjected to these illegal practices regardless of their specific job title, location of work, hourly rates, or experiences.

45. Cupp and the Putative Class Members have been harmed as a direct and proximate result of Centene's unlawful conduct because they have been deprived of wages owed for work, they performed and from which Centene derived a direct and substantial benefit.

46. This conduct violates the FLSA.

47. Centene knew its policies required Cupp and the Putative Class Members to work through their so-called meal periods.

48. Centene nonetheless excluded this time from its calculation of the hours worked by, and wages paid to, Cupp and the Putative Class Members.

49. Centene's failure to pay for all the hours Cupp and the Putative Class Members worked is a direct and unambiguous violation of the FLSA.

50. Centene's decision to exclude certain time worked from its calculation of the pay owed to Cupp and the Putative Class Members is a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

51. Further, these practices demonstrate the absence of good faith on the part of Centene—obligating it to pay Cupp and the Putative Class Members not only their back wages but an amount equal to what they are owed as liquidated damages.

52. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts.

53. Therefore, this issue does not preclude collective action treatment.

## JURY DEMAND

54. Cupp demands a trial by jury.

## PRAYER

55. Cupp prays for relief as follows:

    a. An Order designating the Putative Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Putative Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

    b. For an Order pursuant to Section 16(b) of the FLSA finding Centene liable for unpaid back wages due to Cupp and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation for three years as a result of the willful violation;

    c. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

    d. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: */s/ Richard J. (Rex) Burch*
   **Richard J. (Rex) Burch**
   Bar No. TX24001807
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**Michael A. Josephson**
State Bar No. 24014780
Fed. Id. 27157
**Andrew W. Dunlap**
State Bar No. 24078444
Federal ID No. 1093163
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com