**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**ST. LOUIS DIVISION**

| | |
|---|---|
| LAUREN CUPP, Individually and for Others Similarly Situated, | **Case No. 4:23-cv-00071-SRC** |
| v. | Jury Trial Demanded |
| MHM HEALTH PROFESSIONALS, LLC d/b/a CENTURION PROFESSIONALS | FLSA Collective Action (29 U.S.C. § 216(b)) |

### CUPP'S MOTION TO COMPEL DISCOVERY

**Michael A. Josephson**
24014780(TX)
**Andrew W. Dunlap**
24078444(TX)
**Carl A. Fitz**
24105863(TX)

**JOSEPHSON DUNLAP, LLP**

11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Telephone: (713) 352-1100
Facsimile: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com
cfitz@mybackwages.com

**Richard J. (Rex) Burch**
24001807(TX)

**BRUCKNER BURCH PLLC**

11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Telephone: (713) 877-8788
Facsimile: (713) 877-8065
rburch@brucknerburch.com

**ATTORNEYS FOR PLAINTIFF &**
**THE PUTATIVE CLASS MEMBERS**

In compliance with this Court's Local Rules and Judge Clark's requirements, Cupp moves to compel Centurion to supplement its discovery in compliance with the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 26 (governing discovery). Specifically, Cupp seeks Centurion's responses and production relating to the 58 plaintiffs who have already opted in to join this case.

**1. CENTURION REFUSES TO PRODUCE ANY RESPONSES AND RECORDS RELATING TO THE 58 OPT-IN PLAINTIFFS.**

To date, Centurion has only produced discovery related to Cupp, the Named Plaintiff. Centurion refuses to produce anything related to the other 58 plaintiffs who have already opted in to join the case. Because Centurion has been unresponsive to the requirements of the Federal Rules of Civil Procedure, this Court should Order Centurion to produce discovery wholly responsive to the following requests for production:

3. The DOCUMENTS containing timesheets and payroll records for PLAINTIFF and PUTATIVE CLASS MEMBER for the RELEVANT TIME PERIOD.
4. The DOCUMENTS reflecting the job titles and job duties or job descriptions for PLAINTIFF CLASS MEMBER during the RELEVANT TIME PERIOD.
14. The DOCUMENTS that most accurately reflect the hours each PLAINTIFF and PUTATIVE CLASS MEMBER worked each day and week during the LIMITATIONS PERIOD.
15. The DOCUMENTS … identifying … the PRE-SHIFT and POST-SHIFT WORK activities and tasks PLAINTIFF and each PUTATIVE CLASS MEMBER performed for CENTURION during the LIMITATIONS PERIOD.

(P. 2d Dis. Req. at 8–9, Nov. 7, 2023). This Court should also require Centurion to fully respond to the following interrogatories:

1. Describe the general details of PLAINTIFF and PUTATIVE CLASS MEMBERS' employment during the RELEVANT TIME PERIOD, including: (a) Job positions/titles held; (b) Work schedule and hours worked; (c) Dates of employment; (d) Supervisors, managers, and chain of command; and (e) Locations to which PLAINTIFF and PUTATIVE CLASS MEMBERS were assigned to work.
2. Provide a complete description of how CENTURION paid PLAINTIFF and PUTATIVE CLASS MEMBERS, including a description of all wages, bonuses, fringe benefits, and any other form of compensation for all hours worked during the RELEVANT TIME PERIOD. YOUR answer should include how CENTURION calculated the amount PLAINTIFF and PUTATIVE CLASS MEMBERS would be paid each week.
3. IDENTIFY and describe CENTURION'S timekeeping requirements, methods, and practice(s) to which PLAINTIFF and the PUTATIVE CLASS MEMBERS were subject throughout the RELEVANT TIME PERIOD[.] …

(P. 2d Dis. Req. at 6, Nov. 7, 2023).

Cupp repeatedly offered to restrict discovery at this time to: (1) pay records, timesheets, personnel files, and clock-in/clock-out data for (2) a sample of the (3) 58 already-opted-in plaintiffs. Cupp offered these compromises as a stop-gap solution to the parties' impasse (not as a waiver of full production prior to the completion date for discovery in this case).

**2.    THE PARTIES HAVE TRIED TO RESOLVE THE DISPUTE.**

Cupp has repeatedly conferred with Centurion in attempts to resolve any discovery disputes. Within the last month, undersigned counsel for Cupp, Carl Fitz, has spoken twice by telephone with counsel for Centurion. Cupp has therefore complied with the conferral requirements of this Court.

On January 11, 2024, Fitz spoke with Peter Hall and Hall's colleague James Mangiarcina by telephone. Fitz requested basic information—pay records and timesheets—for the 58 already-opted-in plaintiffs. Counsel for Centurion refused. Centurion's position is that discovery for opt-in plaintiffs is premature prior to a ruling on conditional certification. Fitz asked whether Centurion would provide discovery for a sample of the 58 already-opted-in plaintiffs. Centurion refused and doubled down on its refusal to serve any discovery at all relating to already-opted-in plaintiffs prior to this Court's ruling on conditional certification. The parties agreed to confer again the following week.

On January 19, 2024, Fitz and Hall revisited the issues by telephone. In a spirit of compromise, Fitz asked whether Centurion had any counterproposal regarding discovery for the Opt-in Plaintiffs. Centurion's position had not changed since the last call; Hall reiterated Centurion's belief that full or representative discovery would be inappropriate prior to a ruling on conditional certification. Fitz proposed several resolutions to the impasse, including: (1) depositions of a limited, proportional number of already-opted-in plaintiffs; (2) written discovery from a sample of already-opted-in plaintiffs; and (3) narrowing (at this time) the documents required in response to Cupp's second request for production to pay records, timesheets, personnel files, and clock-in/clock-out data.

Each attempt at negotiation was rebuffed in its entirety. Centurion flatly refuses to provide *any* discovery relating to the 58 Opt-in Plaintiffs prior to a ruling on conditional certification. *See* 29 U.S.C. § 216(b) (Opt-in Plaintiffs are "…party plaintiffs…").

**3.    ARGUMENT AND AUTHORITIES.**

Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." FED. R. CIV. P. 26(b)(1). The phrase "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Armstrong v. Hussmann Corp.*, 163 F.R.D. 299, 302 (E.D. Mo. 1995) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

Here, Plaintiff and Opt-in Plaintiffs seek to recover wages owed them under the FLSA. *See generally* Doc. 10 at PageID.71–76 (Amended Complaint). There can be no reasonable argument that timesheets, pay records, personnel files, and other basic employment information related to the Opt-in Plaintiffs are not relevant to the issues in this case. Cupp needs Opt-in Plaintiffs' wage documentation to prove its wage case—that's a showing of relevance. Yet Centurion refuses to produce anything regarding already-opted-in plaintiffs.

"After the proponent of discovery makes a threshold showing of relevance, the party opposing a motion to compel has the burden of showing … how each discovery request is improper." *Jo Ann Howard & Assocs., P.C. v. Cassity*, 303 F.R.D. 539, 542 (E.D. Mo. 2014) (referencing *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1993)). Centurion "must demonstrate to the court that the requested documents either do not come within the broad scope of relevance defined pursuant to Rule 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Id.* (citation omitted). It cannot. Yet it resists production of even minimal records for a sample of the 58 Opt-in Plaintiffs.

**4.    CONCLUSION.**

Centurion refuses to participate in any discovery regarding the 58 Opt-in Plaintiffs. And it has spurned every attempt at compromise Cupp has offered. Because Cupp's requests are reasonable and relevant, this Court should grant Cupp's motion to compel discovery and order responses and production related to the 58 Opt-in Plaintiffs.

Dated: February 9, 2024         Respectfully submitted,

By:   /s/ *Carl A. Fitz*
**Carl A. Fitz**
24105863(TX)
**Michael A. Josephson**
24014780(TX)
**Andrew W. Dunlap**
24078444(TX)
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Telephone: (713) 352-1100
Facsimile: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com
cfitz@mybackwages.com

Richard J. (Rex) Burch
24001807(TX)
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Telephone: (713) 877-8788
Facsimile: (713) 877-8065
rburch@brucknerburch.com

**ATTORNEYS FOR PLAINTIFF &
THE PUTATIVE CLASS MEMBERS**

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2024, I served all Parties of record via ECF.

/s/ *Carl A. Fitz*
**Carl A. Fitz**

## CERTIFICATE OF LOCAL RULE 3.04 COMPLIANCE

I hereby certify that prior to the filing of the instant motion, I made good-faith efforts to resolve the discovery disputes detailed here. I repeatedly conferred with Peter Hall, counsel for Centurion, on these issues—most recently by telephone on Friday, January 19, 2024. Hall indicated Centurion is opposed to the requested relief, necessitating the filing of this motion.

/s/ *Carl A. Fitz*
**Carl A. Fitz**